FILED

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## (ALEXANDRIA DIVISION)

2009 DEC 29  A  9 09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TOLL BROS., INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DONALD R. THARPE | )  Civil Acton No. _1:09CV1418-CMH/JFA_ |
| | ) |
| and | ) |
| | ) |
| DONALD R. THARPE, TRUSTEE FOR | ) |
| DONALD R. THARPE TRUST | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Toll Bros., Inc. files this complaint against the defendants Donald R. Tharpe, individually, and Donald R. Tharpe, Trustee for the Donald R. Tharpe Trust, and in support states as follows:

## JURISDICTION

Plaintiff Toll Bros., Inc. ("Toll") is a Pennsylvania corporation with its principal place of business at 250 Gibraltar Road, Horsham, Pennsylvania 19044-46.

Defendant Donald R. Tharpe ("Tharpe") is a citizen of Virginia residing in Fauquier County, Virginia at 6105 Great Marsh Place, Midland, Virginia 22728-0240.

Defendant Donald R. Tharpe, Trustee is the same individual as Tharpe and is named as a defendant in his capacity as the trustee under the Donald R. Tharpe Trust which is, on information and belief, a trust formed under the laws of the Commonwealth of Virginia (the "Trust").

1

Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiff and the Defendants as shown above.

## VENUE

Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1391(a). The operative facts arise out of events and circumstances occurring in Fauquier County, Virginia, a place within this District and this Division, and the Defendants reside in Fauquier County, Virginia as well.

## FACTS

1.      Effective December 29, 2004, the Trust and Toll entered into a contract (the "Sales Contract") whereby Toll would purchase from the Trust for $6,000,000.00, subject to certain adjustments, approximately 60 acres of real property owned by the Trust located in Fauquier County (the "Property").

2.      A true and genuine copy of the Sales Contract is attached as Exhibit A.

3.      Pursuant to the terms of the Sales Contract, Toll delivered installments of the deposit totaling $375,000.00 to the Trust (the "Earnest Money Deposit").

4.      Toll's obligation to purchase the Property was contingent on certain conditions precedent, including Toll obtaining an acceptable rezoning of the Property on or before April 1, 2007.

5.      As a part of the Sales Contract, the Trust agreed to assign to Toll a contract it had with a third party to purchase a 3.09 acre parcel (the "Shaw Property") located next to the Property.

2

6.    As required under the Sales Contract, Toll acquired the Shaw Property for $600,000.00 by a deed recorded February 1, 2005, in Deed Book 1140 at Page 714 among the Fauquier County land records.

7.    The Sales Contract provides in Section 24.2 that in the event Toll was relieved of its obligation to purchase the Property, then within thirty (30) days of the earlier of the termination of the Sales Contract or default by one of the parties, the Trust would purchase the Shaw Property from Toll for $600,000. The Trust's obligation to purchase the Shaw Property is identified in Section 2 of the Sales Contract as the "Repurchase Obligation."

8.    The Sales Contract further provides that in the event Toll is relieved of its obligation to purchase the Property, then the Trust shall refund the Earnest Money Deposit. The Trust's obligation to make this refund is identified in Section 2 of the Sales Contract as the "Refund Obligation."

9.    The Trust also executed a Guaranty Agreement guaranteeing the payment and performance of the Repurchase and Refund Obligations (the "Guaranty Agreement").

10.    Tharpe, in his individual capacity, also executed the Guaranty Agreement whereby he guaranteed the payment and performance of the Repurchase and Refund Obligations as a primary obligor.

11.    A true and genuine copy of the Guaranty Agreement is attached as Exhibit B.

12.    Following the execution of the Sales Contract, it was amended three times by Toll and the Trust acting through Donald R. Tharpe, Trustee , and therefore Tharpe as guarantor was aware of and acquiesced in these modifications.

13.    A true and genuine copy of the First Amendment to Sales Contract is attached as Exhibit C.

3

14.     A true and genuine copy of the Second Amendment to Sales Contract is attached as Exhibit D.

15.     A true and genuine copy of the Third Amendment to Sales Contract is attached as Exhibit E (hereinafter the "Third Amendment").

16.     Prior to the execution of the Third Amendment, Toll, the Trust and Tharpe decided to terminate Toll's obligation with respect to the rezoning and purchase of the Property and decided that the Trust and Tharpe would instead pursue such rezoning.     Thereafter, the parties set out the surviving obligations between them in the Third Amendment.

17.     The Third Amendment requires the Trust to fulfill the Repurchase Obligation by purchasing the Shaw Property at the price of $600,000.00, plus interest at six percent (6%) per annum commencing on January 17, 2007, "within twelve (12) months of the earlier of (x) October 1, 2007, and (y) the date the Zoning, as processed by [the Trust], is approved or denied . . . ." Therefore, in part, the Third Amendment extended the date set out in the Sales Contract for the fulfillment of the Repurchase Obligation by the Trust.

18.     The "Zoning" referenced in the Third Amendment was approved by the Fauquier County Board of Supervisors on June 14, 2007.  Consequently, the Repurchase Obligation, plus interest, was due on June 14, 2008.

19.     Despite Toll's demands, the Trust failed to close on the purchase of the Shaw Property on June 14, 2008, and therefore is in breach of the Repurchase Obligation as set forth in the Sales Contract, as amended.

20.     The Third Amendment further requires the Trust to fulfill its Refund Obligation by making an initial payment of $100,000.00 of the Earnest Money Deposit, less a credit of

4

$25,000.00, within thirty (30) days of the date of the approval or denial of the Zoning. With the Zoning approved on June 14, 2007, this initial payment was due on July 14, 2007.

21.     Tharpe as a guarantor of the Trust's obligation made a personal payment to Toll of $75,000.00 on or about August 23, 2007, thereby satisfying the the Trust's obligation to make the initial payment due on July 14, 2007.

22.     The remaining $275,000.00 of the Earnest Money Deposit, plus interest thereon at six percent (6%) per annum commencing on January 17, 2007, was due within five (5) months of the Zoning approval—on December 14, 2007. Therefore, in part, the Third Amendment extended the date set out in the Sales Contract for the fulfillment of the Refund Obligation by the Trust.

23.     Despite Toll's demands, the Trust has not paid the remainder of the Refund Obligation or the interest accruing and is therefore in breach of the Sales Contract, as amended.

24.     The total amount of principal outstanding and owed by the Trust and Tharpe, jointly and severably, to Toll for the Refund Obligation is $275,000.00 with interest accruing as of January 17, 2007, at a rate of six (6) percent per annum.

25.     The Trust and Tharpe, jointly and severably, are obligated to purchase the Shaw Property for $600,000.00. Interest is accruing on this amount as of January 17, 2007.

26.     Because of the Trust's failure to close on the purchase of the Shaw Property on or before June 14, 2008, under Section 24.2 of the Sales Contract, Toll is entitled to recover from the Trust and Tharpe its due diligence costs incurred for its purchase of the Shaw Property; these costs are not less than $10,000.00.

27.     Tharpe is in breach of the Guaranty Agreement because of his failure, as primary obligor, to fulfill the Repurchase and Refund Obligations and all other outstanding obligations.

28.     Toll was ready, willing and able to convey the Shaw Property to the Trust on or before June 14, 2008, as required by the Third Amendment, and remains ready, willing and able to make such conveyance.

29.     Toll is not in breach under the Sales Contract, as amended.

30.     Toll has on numerous occasions notified the Trust and Tharpe of their failure to fulfill the Repurchase and Refund Obligations.

31.     The Trust and Tharpe have responded by asking that payment terms and deadlines be modified, rather than fulfilling their contractual obligations.

### COUNT I—SPECIFIC PERFORMANCE FOR THE PURCHASE OF THE SHAW PROPERTY AGAINST DONALD R. THARPE, TRUSTEE FOR DONALD R. THARPE TRUST

32.     The preceding paragraphs and allegations are incorporated by reference as if fully set forth herein.

33.     Toll and the Trust entered into the Sales Contract, as amended, for good and valuable consideration and the Trust has failed to fulfill its Repurchase and Refund Obligations.

34.     The Trust is in breach of the Sales Contract, as amended, because of its failure to close on the purchase of the Shaw Property on or before June 14, 2008, for the price of $600,000.00, plus interest accruing on that amount as of January 17, 2007.

35.     The Sales Contract, as amended, entitles Toll to demand specific performance by the Trust of its obligation to purchase the Shaw Property for $600,000.00, plus the interest accruing and plus the due diligence costs incurred by Toll in connection with its purchase of the Shaw Property which costs exceed $10,000.00.

6

36.    Toll was ready, willing and able to convey the Shaw Property to the Trust on or before June 14, 2008, as required by the Third Amendment, and remains ready, willing and able to make such conveyance.

WHEREFORE, Toll prays that the court grant the following relief:

i)    Find that the Trust is in breach of the Sales Contract, as amended, for its failure to close on the Shaw Property;

ii)    Order the Trust to pay Toll $600,000.00, plus interest accruing on that amount as of January 17, 2007, at a rate of six (6) percent per annum, plus Toll's due diligence costs, which are not less than $10,000.00, in exchange for a special warranty deed to the Shaw Property, with such other incidents of the closing carried out as set forth in Paragraph 24.2 of the Sales Contract;

iii)    Alternatively, in the event the court finds that the Trust is not able to pay Toll the amount required for the Shaw Property under the Sales Contract, as amended, Toll requests that the court find that the Trust is in breach for its failure to close on the Shaw Property and enter judgment against the Trust in favor of Toll in the amount of $600,000.00, plus interest accruing on that amount as of January 17, 2007, at a rate of six (6) percent per annum, plus Toll's due diligence costs, which are not less than $10,000.00; this total amount may be offset by consideration received by Toll from a third party for the purchase of the Shaw Property or the property's fair market value provided Toll may sell the Property free and clear of any interest of the Trust and Tharpe; and

iv)    Grant such other relief as the nature of this action requires.

7

## COUNT II—BREACH OF CONTRACT FOR NON PAYMENT OF REFUND OBLIGATION AGAINST DONALD R. THARPE, TRUSTEE FOR DONALD R. THARPE TRUST

37.     The preceding paragraphs and allegations are incorporated by reference as if fully set forth herein.

38.     The Trust is in breach of the Sales Contract, as amended, by failing to pay Toll $275,000.00 on or before December 14, 2007, plus interest accruing beginning January 17, 2007, at a rate of six (6) percent per annum.

WHEREFORE, Toll prays that the Court grant the following relief:

i)      Find that the Trust is in breach of the Sales Contract, as amended, for nonpayment of the $275,000.00 on or before December 14, 2007, plus interest accruing beginning January 17, 2007, at a rate of six (6) percent per annum;

ii)     Enter judgment against the trustee Donald R. Tharpe and the Donald R. Tharpe Trust in favor of Toll in the amount of $275,000.00, plus interest accruing beginning January 17, 2007, at a rate of six (6) percent per annum;

iii)    Grant such other relief as the nature of this action requires.

## COUNT III—SPECIFIC PERFORMANCE FOR THE PURCHASE OF THE SHAW PROPERTY AGAINST DONALD R. THARPE

39.     On or about December 28, 2004, Tharpe executed a Guaranty Agreement as the primary obligor of the Trust's payment and performance obligations under the Sales Contract, as amended.

40.     The Trust has failed to close on the Shaw Property as required by the Sales Contract, as amended, and Tharpe has failed to perform the Trust's obligation to close on the Shaw Property as required by the Guaranty Agreement.

8

41.    Tharpe is in breach of the Guaranty Agreement and is obligated to purchase the Shaw Property for $600,000.00, plus interest accruing on that amount as of January 17, 2007, at a rate of six (6) percent per annum, plus Toll's due diligence costs which exceed $10,000.00.

WHEREFORE, Toll prays that the court grant the following relief:

i)    Find that the Trust is in breach of the Sales Contract, as amended, for failure to close on the Shaw Property;

ii)    Find that Tharpe is in breach of the Guaranty Agreement for failure to close on the Shaw Property;

iii)    Order Tharpe to pay Toll $600,000.00, plus interest accruing on that amount as of January 17, 2007, at a rate of six (6) percent per annum, plus Toll's due diligence costs, which are not less than $10,000.00, in exchange for a special warranty deed to the Shaw Property, with such other incidents of the closing carried out as set forth in the Sales Contract;

iv)    In the event the court finds that the Trust and Tharpe are not able to pay Toll the amount required for the Shaw Property under the Sales Contract, as amended, Toll requests that the court find that the Trust and Tharpe are in breach for failure to close on the Shaw Property and enter judgment against the Tharpe in favor of Toll in the amount of $600,000.00, plus interest accruing on that amount as of January 17, 2007, at a rate of six (6) percent per annum, plus Toll's due diligence costs, which exceed $10,000.00; this total amount may be offset by consideration received by Toll from a third party for the purchase of the Shaw Property or the fair market value of the property provided Toll may sell the property free and clear of any interest of the Trust and Tharpe;

9

v)　　Grant such other relief as the nature of this action requires.

## COUNT IV—BREACH OF CONTRACT FOR NON PAYMENT OF
## REFUND OBLIGATION
## AGAINST DONALD R. THARPE

42.　　The preceding paragraphs and allegations are incorporated by reference as if fully set forth herein.

43.　　As set forth above, the Trust is in breach of the Sales Contract, as amended, for its failure to pay Toll $275,000.00 on or before December 14, 2007, plus interest accruing beginning January 17, 2007, at a rate of six (6) percent per annum.

44.　　Tharpe has failed to pay the outstanding debts owed to Toll by the Trust and is in breach of the Guaranty Agreement.

WHEREFORE, Toll prays that the Court grant the following relief:

i)　　Find that the Trust is in breach of the Sales Contract, as amended, for failing to pay Toll $275,000.00 on or before December 14, 2007, plus interest accruing beginning January 17, 2007, at a rate of six (6) percent per annum;

ii)　　Find that Tharpe is in breach of the Guarantee Agreement, for failing to pay Toll $275,000.00 on or before December 14, 2007, plus interest accruing beginning January 17, 2007, at a rate of six (6) percent per annum;

iii)　　Enter judgment against Tharpe in favor of Toll in the amount of $275,000.00, plus interest accruing beginning January 17, 2007, at a rate of six (6) percent per annum;

iv)　　Grant such other relief as the nature of this action requires.

10

Dated December 23, 2009

Respectfully Submitted,

TOLL BROS., INC.
By counsel

WALSH, COLUCCI, LUBELEY,
EMRICH & WALSH, P.C.

Garth M. Wainman, VSB #21831
Michael J. Coughlin, VSB #70915
Attorneys for Plaintiff
4310 Prince William Parkway, Suite 300
Prince William, Virginia  22192
Telephone:    (703) 680-4664
Facsimile:    (703) 680-2161
mcoughlin@pw.thelandlawyers.com

11